UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00424-RJC-DSC

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> THE TULVING COMPANY, INC. and HANNES TULVING, JR., <br><br> Defendants. | <u>SUPPLEMENTAL CONSENT ORDER</u> |

**THIS MATTER** comes before the Court on Plaintiff United States Commodity Futures Trading Commission's ("CFTC" or "Commission") Unopposed Motion for Supplemental Order Assessing Restitution and Civil Monetary Penalty Against Defendants The Tulving Company, Inc. and Hannes Tulving, Jr. (collectively, "Defendants"), (Doc. No. 12).

I.  BACKGROUND

1. On September 11, 2015, Plaintiff United States Commodity Futures Trading Commission ("CFTC") filed a Complaint against Defendants The Tulving Company, Inc. ("Tulving Company") and Hannes Tulving, Jr. ("Tulving") for Permanent Injunction, Civil Penalties, and Other Equitable Relief, for violations of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1-26 (2012), and the Commission's

1

Regulations ("Regulations") promulgated thereunder, 17 C.F.R. § 1.1-190.10 (2013). (Docket Entry ("D.E.") #1). The Complaint alleges that Defendants committed fraud by making material false representations to their customers and misappropriating their funds.

2. On January 5, 2016, the Court entered a Consent Order of Permanent Injunction ("Consent Order"). (D.E. #11). The Consent Order provides that Defendants admit and agree that "the Findings of Fact and Conclusions of Law contained in this Consent Order shall be taken as true and correct [and] be given preclusive effect, without further proof…." See Consent Order at ¶11.

3. Pursuant to the Consent Order, Defendants agree to pay restitution and a civil monetary penalty, plus post-judgment interest. See Consent Order at ¶¶ 14-16. The Consent Order provides that the amount of monetary sanctions will be determined by "subsequent consent order or motion by the CFTC and/or hearing before this court." See id.

4. On May 18, 2016, the Court entered criminal judgments against both Defendants in a related criminal proceeding after they each pleaded guilty to one count of wire fraud and aiding and abetting in violation of 18 U.S.C. §§ 1343 and 2. See U.S.A. v. Tulving et al., No. 3:15-cr-00115-MOC (W.D.N.C. 2016). (D.E. #43). The criminal judgments provide that Tulving serve 30 months in prison and Tulving Company be placed on probation for 2 years. The judgments also direct that Tulving and Tulving Company shall be jointly and severally liable for payment of restitution in the amount of $15,761,432.63 to specified victims.

## II. CONSENTS AND AGREEMENTS

To resolve the remaining issues of the amounts of restitution and civil monetary penalties (as provided in the Consent Order), without any further judicial proceedings, Defendant Tulving Company, subject to the approval the U.S. Bankruptcy Court for the Central District of California, Santa Ana Division, Case No. 14-11492 ("Bankruptcy Case"), and Defendant Tulving:

5. Consent to the entry of this Supplemental Consent Order Assessing Restitution and Civil Monetary Penalties Against Defendants ("Supplemental Consent Order");

6. Affirm that they have read and agreed to this Supplemental Consent Order voluntarily, and that no promise, other than as specifically contained herein, or threat, has been made by the CFTC or any member, officer, agent or representative thereof, or by any other person, to induce consent to this Supplemental Consent Order;

7. Acknowledge service of the summons and Complaint;

8. Admit the jurisdiction of this Court over them and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012);

9. Admit the jurisdiction of the CFTC over the conduct and transactions at issue in this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012);

10. Admit that venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2012);

11. Waive:

(a) Any and all claims that they may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2012) and 28 U.S.C. § 2412 (2012), and/or the rules promulgated by the CFTC in conformity therewith, Part 148 of the Regulations, 17 C.F.R. §§ 148.1-148.30 (2016), relating to, or arising from, this action;

(b) Any and all claims that they may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, §§ 201-253, 110 Stat. 847, 857-868 (1996), as amended by Pub. L. No. 110-28, § 8302, 121 Stat. 112, 204-205 (2007), relating to, or arising from, this action;

(c) Any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Supplemental Consent Order; and

(d) Any and all rights of appeal from this action;

12. Consent to the continued jurisdiction of this Court over them for the purpose of enforcing the terms and conditions of the Consent Order and Supplemental Consent Order and for any other purpose relevant to this action even if Defendants now or in the future reside outside the jurisdiction of this Court;

13. Agree that they will not oppose enforcement of this Supplemental Consent Order by alleging that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and waives any objection based thereon;

14. Agree that neither they nor any of their agents or employees under their authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint, or creating or

4

tending to create the impression that the Complaint and/or this Supplemental Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect their: (a) testimonial obligations, or (b) right to take legal positions in other proceedings to which the CFTC is not a party. Defendants shall undertake all steps necessary to ensure that their agents or employees under their authority or control understand and comply with this agreement;

15. Agree to provide immediate notice to this Court and the CFTC by certified mail of any bankruptcy proceeding filed by, on behalf of, or against either of them, whether inside or outside the United States: and

16. Agree that no provision of this Supplemental Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against Defendants in any other proceeding.

17. The Court, being fully advised in the premises, finds there is good cause for entry of this Supplemental Consent Order and that there is no just reason for delay. The Court therefore directs the entry of ancillary equitable relief pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2012), as set forth herein.

### IV. RESTITUTION AND CIVIL MONETARY PENALTY

**IT IS HEREBY ORDERED that DEFENDANTS** shall comply fully with the following terms, conditions, and obligations relating to the payment of restitution and a civil monetary penalty:

A.  Restitution

18.  Defendants' violations of the Act and Regulations merit the award of restitution. However, this Court recognizes that in a related criminal action, entitled U.S.A. v. Tulving et al., No. 3:15-cr-00115-MOC (W.D.N.C. 2016), Defendants are ordered jointly and severally to pay restitution in the amount of $15,761,432 to the defrauded investors of Defendants in connection with the same conduct at issue in this action. Accordingly, restitution is not ordered in this action.

B.  Civil Monetary Penalty

19.  Defendants shall pay, jointly and severally, a civil monetary penalty in the amount of $15,761,432 ("CMP Obligation"), plus post-judgment interest. Post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Consent Order pursuant to 28 U.S.C. § 1961 (2012).

20.  Defendants shall pay their CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the CFTC and sent to the address below:

>Commodity Futures Trading Commission
>Division of Enforcement
>ATTN: Accounts Receivables
>DOT/FAA/MMAC/AMZ-341CFTC/CPSC/SEC
>500 S. MacArthur Blvd. Oklahoma City, OK 73169
>(405) 954-7262 office
>(405) 954-1620 fax
>nikki.gibson@faa.gov

If payment by electronic funds transfer is chosen, Defendants shall contact Nikki Gibson or her successor at the address above to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany payment of the CMP Obligation with a cover letter that identifies Defendants and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

### C. Provisions Related to Monetary Sanctions

21. **Partial Satisfaction**: Any acceptance by the CFTC of any partial payment of Defendants' CMP Obligation shall not be deemed a waiver of their obligation to make further payments pursuant to this Supplemental Consent Order, or a waiver of the CFTC's right to seek to compel payment of any remaining balance.

### D. Cooperation

22. Defendants shall cooperate fully and expeditiously with the CFTC, including the CFTC's Division of Enforcement, and any other governmental agency in this action, and in any investigation, civil litigation, or administrative matter

7

related to the subject matter of this action or any current or future CFTC investigation related thereto.

## V. MISCELLANEOUS PROVISIONS

23. **Notice:** All notices required to be given by any provision in this Supplemental Consent Order shall be sent certified mail, return receipt requested, as follows:

Notice to CFTC:

> Director
> Division of Enforcement
> U.S. Commodity Futures Trading Commission
> 1155 21st Street, NW
> Washington, DC 20581

Notice to Defendants:

> Hannes Tulving, Jr. and/or The Tulving Company
> c/o James Wyatt
> Wyatt & Blake L.L.P.
> 435 East Morehead Street
> Charlotte, NC 28202

All such notices shall reference the name and docket number of this action.

24. **Change of Address/Phone:** Until such time as Defendants satisfy in full their CMP Obligation as set forth in this Supplemental Consent Order, Defendants shall provide written notice to the CFTC by certified mail of any change to their telephone numbers and mailing addresses within ten (10) calendar days of the change.

25. Entire Agreement and Amendments: The Consent Order and Supplemental Consent Order incorporate all of the terms and conditions of the settlement among the parties hereto to date. Nothing shall serve to amend or modify the Consent Order and Supplemental Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

26. Invalidation: If any provision of this Supplemental Consent Order or if the application of any provision or circumstance is held invalid, then the remainder of this Supplemental Consent Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

27. Waiver: The failure of any party to this Supplemental Consent Order at any time to require performance of any provision of this Consent Order shall in no manner affect the right of the party at a later time to enforce the same or any other provision of this Supplemental Consent Order. No waiver in one or more instances of the breach of any provision contained in this Supplemental Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Supplemental Consent Order.

28. Authority: Entry into this Consent Order by Hannes Tulving, Jr. on behalf of Tulving Company is subject to the authorization of the United States Bankruptcy Court in the Bankruptcy Case.

29. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this action to ensure compliance with this Supplemental Consent Order and for all other purposes related to this action.

30. Counterparts and Facsimile Execution: This Supplemental Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this supplemental Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Supplemental Consent Order.

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Supplemental Consent Order Assessing Restitution and A Civil Monetary Penalty Against Defendants.

**SO ORDERED.**

Signed: November 28, 2018

Robert J. Conrad, Jr.
United States District Judge

**CONSENTED TO AND APPROVED BY:**

/s Hannes Tulving, Jr.
Hannes Tulving, Jr.

The Tulving Company, Inc.
By Hannes Tulving, Jr. as President

/s Luke Marsh
Luke Marsh
Richard Foelber
Attorneys for U.S. Commodity Futures
Trading Commission
1155 21st Street, NW
Washington, DC 20581
202-418-5000

**APPROVED AS TO FORM:**

/s James Wyatt
James Wyatt
Attorney for Hannes Tulving, Jr
and the Tulving Company
Wyatt & Blake L.L.P.
435 East Morehead Street
Charlotte, NC 28202
704-331-0767

11